**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STAFFORD SHEEHAN,<br><br>          Plaintiff,<br><br>  v.<br><br>AIR COMPANY HOLDINGS, INC.,<br><br>          Defendant. | Case No. 1:25-cv-00932 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS OR TRANSFER**

Brett Berman, Esq.
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone:  212.878.7900
Facsimile:  212.692.0940
Attorney for Defendant
bberman@foxrothschild.com

Dated:  March 10, 2025

## <u>TABLE OF CONTENTS</u>

Page

I.      PRELIMINARY STATEMENT ...................................................................... 1

II.     NATURE AND STAGE OF PROCEEDING ................................................. 1

III.    STATEMENT OF RELEVANT FACTS ........................................................ 2

    A.  The Parties. ............................................................................................ 2

    B.  The First Filed Delaware Litigation. ..................................................... 2

    C.  The New York Litigation. ...................................................................... 3

IV.     ARGUMENT ............................................................................................... 3

    A.  Legal Standard. ...................................................................................... 3

    B.  Proper Court to Hear This Motion ......................................................... 4

    C.  The First-Filed Rule Requires Dismissal or a Transfer Where a Substantially
        Similar Action Already has Been Filed Elsewhere. ............................... 5

        1.  The Delaware Action is the First Filed Action. .............................. 6

        2.  The Delaware Action and the New York Action Involve Identical Parties and
            Issues. ........................................................................................... 6

            a.  The Issues in the Delaware and New York Actions Substantially Overlap. .......... 7

        3.  The Balance of Convenience Weighs in Favor of AirCo. ............................ 8

            a.  The Plaintiff's Choice of Forum ........................................................ 10

            b.  The Convenience of Witnesses and Availability of Process to Compel Attendance
                of Unwilling Witnesses Favors Delaware. ........................................... 10

            c.  Locus of Operative Facts ................................................................. 11

            d.  Convenience of the Parties and their Relative Means. ........................... 11

    CONCLUSION................................................................................................ 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adam v. Jacobs*,
950 F.2d 89 (2d Cir.1991).....................................................................................4, 7

*AIG Fin. Prod. Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cty., Wash.*,
675 F. Supp. 2d 354 (S.D.N.Y. 2009)......................................................................12

*Alden Corp. v. Eazypower Corp.*,
294 F. Supp. 2d 233 (D. Conn. 2003).......................................................................6

*Baduria v. Sealift Holdings, Inc.*,
451 F. Supp. 3d 248 (E.D.N.Y. 2020) .......................................................................5

*Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*,
No. 19-CV-7627 (JPO), 2019 WL 6841419 (S.D.N.Y. Dec. 16, 2019),
*reconsideration denied*, No. 19-CV-7627 (JPO), 2020 WL 1643866 (S.D.N.Y.
Apr. 1, 2020) ...........................................................................................................4

*Burgos v. Hopkins*,
14 F.3d 787 (2d Cir. 1994)........................................................................................7

*Columbia Pictures Industries, Inc. v. Schneider*,
435 F. Supp. 742 (S.D.N.Y. 1977) ...........................................................................9

*In re Cuyahoga Equipment Corp.*,
980 F.2d 110 (2d Cir. 1992).......................................................................................6

*D.H. Blair & Co. v. Gottdiener*,
462 F.3d 95 (2d Cir. 2006).........................................................................................9

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*,
522 F.3d 271 (2d Cir. 2008).....................................................................................5,8

*ESPN, Inc. v. Quiksilver, Inc.*,
581 F.Supp.2d 542 (S.D.N.Y. 2008).......................................................................10

*Factors Etc., Inc. v. Pro Arts, Inc.*,
579 F.2d 215 (2d Cir. 1978).......................................................................................6

*Fed. Ins. Co. v. Bax Glob. Inc.*,
*No.* 09-CV-2739 DGT, 2010 WL 3738033 (E.D.N.Y. Sept. 20, 2010) ................10

*First City Nat. Bank & Tr. Co. v. Simmons*,
878 F.2d 76 (2d Cir. 1989).........................................................................................4

*Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*,
    No. 19 CIV. 11697 (NSR), 2022 WL 118257 (S.D.N.Y. Jan. 12, 2022) ................................5

*Fort Howard Paper Co. v. William D. Witter, Inc.*,
    787 F.2d 784 (2d Cir.1986)..........................................................................................................4

*Gov't Emps. Ins. Co. v. Active Med. Care, P.C.*,
    No. 24-CV-995 (DLI)(VMS), 2024 WL 4790169 (E.D.N.Y. Nov. 14, 2024)......................10

*Grupke v. Linda Lori Sportswear, Inc.*,
    174 F.R.D. 15 (E.D.N.Y. 1997) ...................................................................................................7

*Herbert Ltd. P'ship v. Electronic Arts Inc.*
    325 F. Supp. 2d 282 (S.D.N.Y. 2004)................................................................................10, 11

*HomeoPet LLC v. Speed Lab'y, Inc.*,
    No. 14-CV-663 JFB AKT, 2014 WL 2600136 (E.D.N.Y. June 11, 2014) ...........................11

*It's a 10, Inc. v. PH Beauty Labs, Inc.*,
    718 F. Supp. 2d 332 (S.D.N.Y. 2010).......................................................................................12

*Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*,
    342 U.S. 180 (1952)......................................................................................................................5

*Mazuma Holding Corp. v. Bethke*,
    1 F. Supp. 3d 6 (E.D.N.Y. 2014) ...............................................................................................12

*Meeropol v. Nizer*,
    505 F.2d 232 (2d Cir. 1974)......................................................................................................6,7

*Michel v. Petco Animal Supplies Stores, Inc.*,
    404 F. Supp. 3d 685 (E.D.N.Y. 2017) ........................................................................................4

*Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*,
    804 F.2d 16 (2d Cir.1986)............................................................................................................4

*MSK Ins., Ltd. v. Employers Reinsurance Corp.*,
    212 F. Supp. 2d 266 (S.D.N.Y. 2002).........................................................................................4

*N. Food I/E, Inc. v. OCM Globe Inc.*,
    No. 21-CV-1813 (MKB), 2022 WL 2812204 (E.D.N.Y. Mar. 28, 2022) ..............................12

*NY. Marine & Gen. Ins. Co. v. Lafarge N Am., Inc.*,
    599 F.3d 102 (2d Cir. 2010).................................................................................................1,5,6

*Reliance Ins. Co. v. Six Star, Inc.*,
    155 F.Supp.2d 49 (S.D.N.Y.2001) ..............................................................................................4

*Sheinbrot v. Pfeffer,*
  954 F. Supp. 555 (E.D.N.Y. 1997) ....................................................................7

*Spotless Enterprises Inc. v. The Accessory Corp.,*
  415 F. Supp. 2d 203 (E.D.N.Y. 2006) ...........................................................5

*Tour Tech. Software, Inc. v. RTV, Inc.,*
  377 F. Supp. 3d 195 (E.D.N.Y. 2019) ...........................................................3

*United Artists Corp. v. Masterpiece Productions, Inc.,*
  221 F.2d 213 (2d Cir. 1955) ..........................................................................8

*United States v. Aquavella,*
  615 F.2d 12 (2d Cir. 1979) ............................................................................7

*Wagner v. N.Y. Marriott Marquis,*
  502 F.Supp.2d 312 (N.D.N.Y.2007) ...........................................................11

*Wyler-Wittenberg v. MetLife Home Loans, Inc.,*
  899 F. Supp. 2d 235 (E.D.N.Y. 2012) ...........................................................4

**Statutes**

28 U.S.C. § 1391(c) .....................................................................................10

28 U.S.C. §1404(a) ....................................................................................3,5

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)..................................................................................3

Fed. R. Civ. P. 13(a) ......................................................................................4

Fed. R. Civ. P. 45(c)(3)(A)(ii) ....................................................................10

Defendant Air Company Holdings, Inc. ("AirCo"), by and through its undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss or Transfer (the "Motion") the Complaint (the "New York Action") filed by Stafford Sheehan, ("Mr. Sheehan").

## I.    PRELIMINARY STATEMENT

AirCo respectfully requests that this Court dismiss or transfer this action as there is a first-filed ongoing action concerning the same parties and same set of operative facts existing in the United States District Court for the District of Delaware (the "Delaware Action").[1]  The Delaware Action and the New York Action both relate to AirCo's termination of Mr. Sheehan as a Director and Officer from AirCo and seek judicial resolution as to the status of his shares in light of that termination.

The core allegation in the New York Action is that AirCo's claims in the Delaware Action are meritless (which they are not).  The Delaware Action is indisputably the first filed action and advanced beyond this case.  Mr. Sheehan should not be permitted to engage in deliberate forum shopping for his baseless claims.  Pursuant to New York's "First-Filed" Rule, which states that, "in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority'"[2] this Court should defer to the first filed Delaware Action and transfer or dismiss this case.  To the extent Mr. Sheehan's claims asserted in the New York Action go forward in any jurisdiction, they are a compulsory counterclaim that must be alleged in the Delaware Action.

## II.    NATURE AND STAGE OF PROCEEDING

AirCo filed the Delaware Action in the Delaware Court of Chancery on February 12, 2025, against Mr. Sheehan who, in the course of his employment with AirCo, breached his fiduciary

---

[1] *Air Company Holdings, Inc. v. Stafford Sheehan* (D. Del 1:25-cv-00200-RGA) (filed February 12, 2025).

[2] *NY. Marine & Gen. Ins. Co. v. Lafarge N Am., Inc*., 599 F.3d 102, 112 (2d Cir. 2010).

duties and contractual obligations.  A week later, on February 17, 2025, Mr. Sheehan filed a Notice of Removal in the United States District Court for the District of Delaware to remove the Delaware Action to federal court.

On that same day, Mr. Sheehan filed the New York Action by complaint against AirCo. The New York Action contains two counts: unlawful termination/retaliation and breach of contract. The operative facts that underlie these counts are identical to those in the Delaware Action. Both actions acknowledge Mr. Sheehan was terminated. Their only point of distinction is in that the Delaware Action alleges Mr. Sheehan was terminated for cause, whereas the New York Action claims he wasn't.

## III.    STATEMENT OF RELEVANT FACTS[3]

### A.    The Parties.

AirCo, the plaintiff in the first filed Delaware Action, and defendant in the later-filed New York Action, is a Delaware corporation with its principal place of business in Brooklyn, New York.[4]  Air Company was founded in early 2017 and incorporated on August 14, 2017.  AirCo is an engineering company founded in 2017 that, in layman's terms, utilizes patented technology to convert carbon dioxide and water into "jet fuel."[5]

Mr. Sheehan was a former Director and Officer of AirCo[6]. He is domiciled in Rhode Island[7].

### B.    The First Filed Delaware Litigation.

---

[3] The facts set forth in this section and referenced throughout this brief taken from the New York Complaint are assumed as true only for purposes of evaluating the motion to dismiss. None of the facts are admitted.
[4] New York Complaint ¶ 9.
[5] New York Complaint ¶ 13.
[6] New York Complaint ¶ 1.
[7] New York Complaint ¶ 8.

On February 12, 2025, AirCo commenced the Delaware Action by Complaint against Mr. Sheehan. AirCo's claims stem from Mr. Sheehan's blatant breaches of his fiduciary duties and contractual obligations.

### C.    The New York Litigation.

A review of the Complaint in the New York Action reveals that the same operative nucleus of facts underlie the New York Action and the Delaware Action. Indeed, large swaths of the New York Complaint relate to AirCo naming Mr. Sheehan in the Delaware Action.

Accordingly, through the New York Action, Mr. Sheehan is openly attempting to impermissibly litigate the merits of the first filed Delaware Action. Setting aside the fact that Mr. Sheehan's arguments against the merits of the Delaware Action contained in his New York Complaint are both misleading and remarkably thin, the weakness of those arguments is not determinative. Instead, the existence of the first filed Delaware Action capable of adjudicating all claims warrants dismissal of the New York Action.

## IV.    ARGUMENT

### A.    Legal Standard.

Federal Rule of Civil Procedure Rule 12(b)(3) and 28 U.S.C. §1404(a) govern a motion to dismiss or transfer due to improper venue. "When faced with a motion to dismiss for improper venue, district courts may consider facts outside the pleadings."[8]

This action should be dismissed or transferred pursuant to the "first-filed" rule or 28 U.S.C.A. §1404(a). Where jurisdiction might be proper in more than one forum, principles of judicial administration and conservation of resources have resulted in adoption of the "first-filed"

---

[8] *Tour Tech. Software, Inc. v. RTV, Inc.*, 377 F. Supp. 3d 195, 200 (E.D.N.Y. 2019)

3

rule.[9] As the Second Circuit explained, "the well-settled principle in this Circuit [is] that '[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second.'"[10]

### B.    Proper Court to Hear This Motion

At the outset, there is a threshold question as to which court should make the determination of whether the first-filed rule should be applied in this case, this Court or the Delaware Court. The general rule is that the court in which the first-filed action is pending (the Delaware Court) makes the determination.

"Logically, however, we must first decide which court should grapple with the issue of where the case should proceed. This District has laid down a bright-line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case."[11]

This rule has been described as a "bright-line" rule that "does not provide for any special exceptions," and is "to be applied in a rote manner (internal citations omitted)."[12]

Nevertheless, there is contrary authority, at least in the Eastern District of New York:

"Courts are divided as to whether the first-filed court or the court from the subsequent action applies the first-filed rule and balances the convenience factors.[13] In 2010, the Second Circuit has held no abuse of discretion for the district court of the subsequent action

---

[9] *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991).)

[10] *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986) (*quoting Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir.1986)); [other citations omitted]." *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)

[11] *Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49, 54 n. 2 (S.D.N.Y.2001).

[12] *Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*, No. 19-CV-7627 (JPO), 2019 WL 6841419, at *3 (S.D.N.Y. Dec. 16, 2019), reconsideration denied, No. 19-CV-7627 (JPO), 2020 WL 1643866 (S.D.N.Y. Apr. 1, 2020).

[13] *Compare MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002) *with Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235 (E.D.N.Y. 2012); *Michel v. Petco Animal Supplies Stores, Inc.*, 404 F. Supp. 3d 685 (E.D.N.Y. 2017).

to consider the first-filed rule and balance the convenience factors, even though the case was first filed in the United States District Court for the Eastern District of Louisiana.[14]

If this Court determines that the Delaware Court should decide whether this action should proceed or be transferred to Delaware, the remedy would be to dismiss this action and transfer the case to the Delaware Court for determination. In *Baduria  v. Sealift Holdings, Inc., supra*, the Court noted that the balance of convenience factors to be considered on a motion to transfer venue under 28 U.S.C.A. §1404(a) are substantially similar to the factors considered on whether to apply the first-filed rule.[15] For this reason, it would also be appropriate for this Court to analyze the issue as if presented by a motion to transfer venue instead of whether to apply the first-filed rule.

### C.    The First-Filed Rule Requires Dismissal or a Transfer Where a Substantially Similar Action Already has Been Filed Elsewhere.

It is well settled New York law that "in determining the proper venue, where there are two competing lawsuits, the first suit should have priority."[16] The Supreme Court views the first-filed rule as "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation...."[17] The rule "avoids duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue."[18] Given these considerations, there is a presumption in favor of proceeding in the forum where the first complaint was filed.[19]

---

[14] *New York Marine & Gen. Ins. Co.*, 599 F.3d at 113." *Baduria v. Sealift Holdings, Inc.*, 451 F. Supp. 3d 248, 253 (E.D.N.Y. 2020).

[15] *Accord, New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

[16] *Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*, No. 19 CIV. 11697 (NSR), 2022 WL 118257, at *3 (S.D.N.Y. Jan. 12, 2022)(*citing New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted).

[17] *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).

[18] *Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006).

[19] *See generally Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271 (2d Cir. 2008).

"In determining if the first-filed rule applies, the court must carefully consider whether in fact the suits are duplicative."[20] Application of the rule requires that both cases have identical or substantially similar parties and claims.[21] The rule does not require identical parties in both cases, but merely requires "substantial overlap."[22]

### 1.    The Delaware Action is the First Filed Action.

The First-Filed Rule applies to cases where there is a prior pending action in another jurisdiction.[23] Here, it is undisputed that the Delaware Action is a prior pending action.[24]  AirCo filed the Delaware Action on February 12, 2025.  Mr. Sheehan filed the New York Action on February 17, 2022, a full week after the Delaware Action was filed. Under these circumstances, the First-Filed Rule categorically applies.[25]

In the New York Action, Mr. Sheehan acknowledges that AirCo brought an earlier action against him in Delaware.[26]  Mr. Sheehan's commencement of the New York Action is a blatant instance of forum shopping.

### 2.    The Delaware Action and the New York Action Involve Identical Parties and Issues.

The First-Filed Rule next requires that the Delaware Action and the New York Action have "[have] identical or substantially similar parties and claims."[27]   And while the rule does not require

---

[20] *Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235 (D. Conn. 2003) (*citing Curtis v. Citibank*, N.A., 226 F.3d 133, 133 (2d Cir. 2000)).

[21] *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992); *Factors Etc., Inc. v. Pro Arts,* Inc., 579 F.2d 215, 218 (2d Cir. 1978).

[22] *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974).

[23] *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

[24] New York Complaint ¶ 1.

[25] *Id*. at ¶ 2.

[26] *Id*. at ¶2.

[27] *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992).

identical parties in both cases, but merely requires "substantial overlap"[28], identicalness is squarely satisfied here.  AirCo and Mr. Sheehan are the only parties to both cases, and both cases seek resolution as to whether or not Mr. Sheehan was terminated for cause.

### a.    The Issues in the Delaware and New York Actions Substantially Overlap.

In determining whether there is a "substantial overlap," courts must look to the underlying transaction on which the claims are based: "That claims arising out of the same transactions may rely on different legal theories does not eliminate their redundance."[29] These Actions clearly satisfy this requirement.

Another test for whether a lawsuit is duplicative is to ask whether the claim brought in the second-filed action should have instead been raised as a counterclaim in the first-filed action.[30] These Actions also satisfy *this* test.

Even further, "[t]o determine when two claims arise from the same 'transaction and occurrence,' courts consider whether the 'essential facts of the various claims are so logically connected that consideration of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'"[31] Such determination does not require "'an absolute identity of factual

---

[28] *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974).

[29] *Sheinbrot v. Pfeffer*, 954 F. Supp. 555, 561 (E.D.N.Y. 1997) (*citing Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[30] *See, e.g.,  Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (vacating the district court judgment and ordering the district court to dismiss an action that should have been raised as a compulsory counterclaim in the first-filed action); see also Fed. R. Civ. P. 13(a) ("[A] pleading must state as a counterclaim any claim that [at the time of its service the pleader has against an opposing party if the claim:] [(A)] arises out of the 'transaction or occurrence that is the subject matter of the opposing party's claim[;] and [(B)] does not require adding another party over whom the court cannot acquire jurisdiction.'".

[31] *Grupke v. Linda Lori Sportswear, Inc*., 174 F.R.D. 15, 17 (E.D.N.Y. 1997) (*quoting United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

backgrounds ... but only a logical relationship between them.'"[32]  This determination is also more than satisfied, as both the parties and issues are identical.

The Delaware Action will determine whether Mr. Sheehan was terminated for cause and whether certain of his shares in AirCo are thereby extinguished.  This is the same exact issue in the New York Action.  In fact, the entirety of the New York Action relies upon Mr. Sheehan prevailing in the Delaware Action.  Mr. Sheehan admits as much in the New York Complaint's very first allegation, alleging that, "Sheehan, the former Chief Technology Officer ("CTO") and co-founder of Defendant ACH, brings the instant action in order to hold the Company accountable for its egregious misconduct in unlawfully terminating his employment, purportedly for "Cause[.]"[33]  Thus, the Delaware Action and the New York Action are two sides of the same coin and the New York Action should be dismissed in favor of the first filed Delaware Action.  If Mr. Sheehan wishes to assert the claim alleged in the New York Action, he should seek to assert a counterclaim in the Delaware Action.[34]

### 3.    The Balance of Convenience Weighs in Favor of AirCo.

The Second Circuit has recognized only two exceptions to the first-filed rule: "(1) where the 'balance of convenience' favors the second-filed action, and (2) where there are 'special circumstances,' such as where the first-filing plaintiff files an 'improper anticipatory action' in an apparent effort to win the race to the courthouse, or "where forum shopping alone motivated the choice of situs for the first suit.'"[35]  Here, AirCo is a Delaware corporation which first-filed a suit in Delaware relating to Mr. Sheehan's shares in the Delaware entity as well as its  termination of

---

[32] *Id*. (*quoting United Artists Corp. v. Masterpiece Productions, Inc*., 221 F.2d 213, 216 (2d Cir. 1955)).
[33] New York Complaint at ¶ 1.
[34] *See* F.R.C.P. 13.
[35] *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc*., 522 F.3d 271, 275-276 (2d Cir. 2008).

Mr. Sheehan as a Director, Officer and employee of a Delaware corporation.. As such, there are no "special circumstances" which would support proceeding in this Court instead of Delaware. To the contrary, a Delaware Court is more well suited to make these determinations.  Indeed, while Mr. Sheehan alleges, "ACH then stalled on moving forward with mediation while surreptitiously preparing to beat Dr. Sheehan to the courthouse via the filing of an anticipatory bad faith and meritless action for declaratory and other relief in Delaware Chancery Court[36], the complete opposite is true and supported by countless correspondences. Counsel for Mr. Sheehan conveniently neglects to inform the Court that a separate law firm had been representing Mr. Sheehan before his present counsel took over (without notice or warning), and that this prior law firm exhibited consistent delays at every point during pre-litigation correspondence despite AirCo's steadfast patience and accommodation with them.

As to the "balance of convenience" element, each and every one of these factors weigh heavily in favor of AirCo. Factors that courts consider in assessing the balance of convenience include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."[37] Moreover, "[a]n even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule."[38]

---

[36] New York Complaint at ¶ 2.
[37] *Id*. at 275 (alteration in original) (*quoting D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)).
[38] *Id*. at 275 (*quoting Schneider*, 435 F. Supp. at 751).

### a.    The Plaintiff's Choice of Forum

While Mr. Sheehan's choice of forum is this Court, venue is proper in a judicial district where the defendants reside.[39] As AirCo is indisputably a Delaware corporation, it is subject to personal jurisdiction in the Delaware Court. Furthermore, the Delaware Action's central allegations relate to Mr. Sheehan's conduct during the time he was an Officer and Director of AirCo, a Delaware Corporation, thus further subjecting these claims to Delaware law. Accordingly, this factor favors transferring this action.

### b.    The Convenience of Witnesses and Availability of Process to Compel Attendance of Unwilling Witnesses Favors Delaware

When assessing the convenience of witnesses, a court must do more than merely compare the number of witnesses who reside in the current forum to the number located in the proposed transferee forum, but should instead assess the materiality, nature, and quality of the "testimony that the witnesses are likely to provide. "[40] But generally, "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses."[41]

With that in mind, it is often presumed that employees of a party are available in any venue. However, several courts have interpreted Federal Rule of Civil Procedure 45(c)(3)(A)(ii), which directs a court to quash a subpoena that requires a person who is "neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly

---

[39] 28 U.S.C. § 1391(c) ("A corporation is deemed to reside in any jurisdiction in which it is subject to personal jurisdiction.").

[40] *Fed. Ins. Co. v. Bax Glob. Inc., No.* 09-CV-2739 DGT, 2010 WL 3738033, at *5 (E.D.N.Y. Sept. 20, 2010) (*citing Herbert Ltd. P'ship v. Electronic Arts Inc*. 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004).

[41] *Gov't Emps. Ins. Co. v. Active Med. Care, P.C.,* No. 24-CV-995 (DLI)(VMS), 2024 WL 4790169, at *4 (E.D.N.Y. Nov. 14, 2024) (*citing ESPN, Inc. v. Quiksilver, Inc*., 581 F.Supp.2d 542, 547 (S.D.N.Y. 2008).

transacts business in person, "to mean that non-officer employees of a party are [to be] considered . . . non-party witnesses."[42]

Moreover, in New York, "'[w]here transfer would merely shift the inconvenience from one party to the other,' the Court should leave plaintiff's choice of venue undisturbed."[43]

Here, this factor also favors transfer to the Delaware Court. The key witnesses for AirCo will be either AirCo employees who are knowledgeable Mr. Sheehan's conduct and reside throughout the country and the east coast, or third party-witnesses like investors and contractors, who reside further south, in the DMV footprint surrounding Delaware. Indeed, even Mr. Sheehan admits he is a Rhode Island domiciliary.

Although some employees who reside in New York may be relevant, the majority of potential witnesses likely to provide testimony material to the outcome of this case are localized closer to Delaware.

### c.    Locus of Operative Facts

The operative facts in this matter are whether or not Mr. Sheehan breached his fiduciary duties and contractual obligations through his conduct and interactions with AirCo employees and third parties. Because much of Mr. Sheehan's conduct occurred remotely through digital communications like text, emails, and phone calls to employees and third parties located throughout the east coast, this factor is at best a neutral, and by no means rises to the level of necessitating the holding this second-filed case in this Court.

### d.    Convenience of the Parties and their Relative Means.

---

[42] *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 290 (citing cases).
[43] *HomeoPet LLC v. Speed Lab'y, Inc*., No. 14-CV-663 JFB AKT, 2014 WL 2600136, at *18 (E.D.N.Y. June 11, 2014)(*citing Wagner v. N.Y. Marriott Marquis*, 502 F.Supp.2d 312, 316 (N.D.N.Y.2007)).

"Where a disparity exists between the means of the parties ... the court may consider the relative means of the parties in determining where a case should proceed."[44] "In determining whether the relative means of the parties weighs in favor of transfer, 'a court should determine whether a party's 'financial situation would meaningfully impede its ability to litigate this case in either forum.'"[45] Importantly, "[a] party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances."[46]

Here, the "relative means of the parties" factor is neutral because there is no significant disparity between the parties. However, the "convenience of the parties" factor heavily favors transfer because both parties are already litigating nearly identical claims that substantially overlap in the Delaware Court. Simply put, Mr. Sheehan will not suffer any additional inconvenience if this action is transferred because it will have to participate in the Delaware Action regardless of whether the claim in the instant action is transferred. Indeed, not transferring the case would cause additional inconvenience to both parties because they would have to litigate in both forums simultaneously.

In sum, five factors favor transfer and only two are, at very best, neutral. Accordingly, justice, fairness, and the balancing of conveniences favors transferring the instant action to the Delaware Court for consolidation with the action there. To do otherwise would be to reward blatant forum-shopping.

---

[44] *N. Food I/E, Inc. v. OCM Globe Inc.*, No. 21-CV-1813 (MKB), 2022 WL 2812204, at *14 (E.D.N.Y. Mar. 28, 2022)(*citing Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 29–30 (E.D.N.Y. 2014)).
[45] *Id*. (*citing AIG Fin. Prod. Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cty., Wash.,* 675 F. Supp. 2d 354, 371 (S.D.N.Y. 2009)
[46] *Id*. (*citing It's a 10, Inc. v. PH Beauty Labs, Inc*., 718 F. Supp. 2d 332, 338 (S.D.N.Y. 2010)).

**CONCLUSION**

For the all of the reasons set forth herein, this action should be dismissed or transferred to the United States District Court for the District of Delaware, where the first-filed action is pending.

/s/ Brett A. Berman
Brett A. Berman, Esq.
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone:  212.878.7900
Facsimile:  212.692.0940
Attorney for Defendant
bberman@foxrothschild.com

*Attorneys for Defendant*
*Air Company Holdings, Inc.*

Dated:  March 10, 2025