UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STAFFORD SHEEHAN,<br><br>                Plaintiff,<br><br>   v.<br><br>AIR COMPANY HOLDINGS, INC.,<br><br>                Defendant. | Case No. 1:25-cv-00932 |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT
AIR COMPANY HOLDINGS, INC.'S MOTION TO DISMISS OR TRANSFER**

**FOX ROTHSCHILD LLP**
Brett Berman, Esq.
Joseph Sweeny, Esq.
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone: 212.878.7900
Facsimile: 212.692.0940

*Attorneys for Defendant*

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ............................................................................................... 1

II. NATURE AND STAGE OF PROCEEDING ........................................................................... 1

III. STATEMENT OF RELEVANT FACTS .................................................................................. 2

IV. ARGUMENT .............................................................................................................................. 2

    A. Legal Standard. ............................................................................................................ 2

    B. Mr. Sheehan Is Incorrect That an Affidavit is Required. ........................................ 2

    C. The First-Filed Rule Requires Dismissal or a Transfer Where a Substantially Similar Action has Already Been Filed Elsewhere. .......................... 3

        1. The First Filed Delaware Action is a Legitimate and Logical Forum for this Dispute. ............................................................................................. 4

        2. Mr. Sheehan, *not AirCo*, Evinced a Refusal to Move Ahead with Mediation ........................................................................................................ 5

        3. Mr. Sheehan's Right to a Jury Trial Remains Preserved. ........................... 6

    D. The Balance of Convenience Weighs in Favor of AirCo. ......................................... 7

        1. Mr. Sheehan's Second-Filed Action is Not Entitled to Deference. ............ 8

        2. As Mr. Sheehan Himself Admits the Location of Documents Factor is Neutral. ..................................................................................................... 8

        3. The Convenience of Witnesses Favor Delaware. ......................................... 9

        4. While the Relative Means of the Parties are the Same, Delaware is a Far More Convenient Forum Because of the Pending Delaware Action. ............................................................................................................ 9

V. CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*APA Excelsior III L.P. v. Premiere Techs., Inc.*,
 49 F.Supp.2d 664 (S.D.N.Y. 1999) .................................................................................3, 8

*Beckerman v. Heiman*,
 No. 05 Civ. 5234 (BSJ) (GWG), 2006 WL 1663034 (S.D.N.Y. June 16, 2006) .................2, 3

*CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*,
 396 B.R. 602 (S.D.N.Y. 2008)..............................................................................................8

*Columbia Pictures Industries, Inc. v. Schneider*,
 435 F.Supp. 742 (S.D.N.Y 1977) .........................................................................................7

*Connors v. Lexington Ins. Co.*,
 666 F.Supp. 434 (E.D.N.Y.1987) .........................................................................................3

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*,
 522 F.3d 271 (2d. Cir. 2008).................................................................................................7

*Federman Assocs. v. Paradigm Med. Indus., Inc.*,
 No. 96-CV-8545, 1997 WL 811539, at *4 (S.D.N.Y. Apr. 8, 1997)......................................10

*Glotser v. Boardwalk Regency LLC*,
 No. 20CIV2654JPCSLC, 2023 WL 2162063 (S.D.N.Y. Feb. 22, 2023) ................................9

*Harriprashad v. Metro. Prop. & Cas. Ins. Co.*,
 No. 09-CV-3105 ENV ALC, 2011 WL 6337699 (E.D.N.Y. Nov. 17, 2011) .....................3, 6

*HomeoPet LLC v. Speed Lab'y, Inc.*,
 No. 14-CV-663 JFB AKT, 2014 WL 2600136 (E.D.N.Y. June 11, 2014) .............................9

*Iconic IP Holdings, L.L.C. v. Gerrit's Brands, Inc.*,
 No. 21CV1068AMDST, 2021 WL 7543607 (E.D.N.Y. May 21, 2021).................................8

*Intema Ltd. v. NTD Lab'ys, Inc.*,
 654 F.Supp.2d 133 (E.D.N.Y. 2009) ....................................................................................8

*Lowinger v. Rocket One Cap., LLC*,
 No. 23 CIV. 9243 (JPC), 2024 WL 2882622 (S.D.N.Y. June 5, 2024)...................................2

*McCarthy v. Bronson*,
 906 F.2d 835 (2d Cir.1990), *aff'd*, 500 U.S. 136 (1991).........................................................7

*N. Food I/E, Inc. v. OCM Globe Inc.*,
   No. 21-CV-1813 (MKB), 2022 WL 2812204 (E.D.N.Y. Mar. 28, 2022) ...............................10

*Ontel Prods., Inc. v. Project Strategies Corp.*,
   899 F.Supp. 1144 (S.D.N.Y. 1995) ................................................................................4, 5

*Schweitzer v. Nevels*,
   669 F.Supp.3d 242 (S.D.N.Y. 2023)...............................................................................9, 10

*Tour Tech. Software, Inc. v. RTV, Inc.*,
   377 F.Supp.3d 195 (E.D.N.Y. 2019) ....................................................................................2

*United States v. U.S. Currency in sum of Ninety Seven Tuousand Two Hundred
   Fifty-Three Dollars($97,253.00)*, No. 95- CV-3982, JG, 1999 WL 84122
   (E.D.N.Y. Feb. 11, 1999)......................................................................................................7

*Wagner v. N.Y. Marriott Marquis*,
   502 F.Supp.2d 312 (N.D.N.Y.2007) .....................................................................................9

**Statutes**

28 U.S.C. §1406(a) .........................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)...................................................................................................................2

Fed. R. Civ. P. 12(b)(6)...................................................................................................................6

Fed. R. Civ. P. 38.......................................................................................................................3, 6

Fed. R. Civ. P. 38(b) .......................................................................................................................6

Defendant Air Company Holdings, Inc. ("AirCo"), by and through its undersigned counsel, submits this Reply Brief in Further Support of its Motion to Dismiss or Transfer the Complaint (the "New York Action") filed by Stafford Sheehan, ("Mr. Sheehan") in response to Mr. Sheehan's Memorandum of Law in Support of Its Motion to Dismiss or Transfer ("Opposition" or "Opp.").

I.   **PRELIMINARY STATEMENT**

AirCo clearly demonstrated in its Memorandum of Law in Support of Its Motion to Dismiss or Transfer (the "Motion") that the first-filed rule categorically applied to this action and that the discretionary balance of convenience factors weigh in favor or AirCo. Motion at 5-8. Mr. Sheehan, boxed in by this well-settled caselaw, attempts a series of misdirection, but none alter the fundamental point and inescapable facts: AirCo brought a first suit in Delaware, which is a totally legitimate and the completely logical forum for the dispute on AirCo's fiduciary duties and shares, and thus the Court should transfer this mirror-image, second-filed action to the first-filed Court because AirCo has overwhelmingly met its burden of showing a transfer is warranted.

II.   **NATURE AND STAGE OF PROCEEDING**

On February 12, 2025, AirCo filed the Delaware Action in the Delaware Court of Chancery against Mr. Sheehan who, in the course of his employment with AirCo, breached his fiduciary duties and contractual obligations (the "Delaware Action"). The Delaware Action seeks both damages as a result of Mr. Sheehan's breaches and a judicial declaration as to the disposition of his *otherwise* unextinguished shares. The following week, Mr. Sheehan filed a Notice of Removal in the United States District Court for the District of Delaware to remove the Delaware Action to federal court. AirCo did not oppose that removal.

On that same day, Mr. Sheehan *also* filed the New York Action against AirCo. The New York Action contains two counts: unlawful termination/retaliation and breach of contract. **The only two parties involved in the New York Action and the operative facts that underlie its**

1

two counts are <u>**identical**</u> **to those in the Delaware Action**. Both Actions acknowledge Mr. Sheehan was terminated. Their only material point of distinction is in that the Delaware Action alleges Mr. Sheehan was terminated for Cause, whereas the New York Action claims he wasn't.

### III.  STATEMENT OF RELEVANT FACTS[1]

For the Court's convenience, the Statement of Facts from AirCo's opening brief is set forth and incorporated herein by reference. Motion at 3-4.

### IV.  ARGUMENT

#### A.  Legal Standard.

Federal Rule of Civil Procedure Rule 12(b)(3) and 28 U.S.C. §1406(a) govern a motion to dismiss or transfer due to improper venue. "When faced with a motion to dismiss for improper venue, district courts may consider facts outside the pleadings." *Tour Tech. Software, Inc. v. RTV, Inc.*, 377 F.Supp.3d 195, 200 (E.D.N.Y. 2019)

#### B.  Mr. Sheehan Is Incorrect That an Affidavit is Required.

Facing an uphill battle to overcome both the first-filed rule and the balance of convenience factors which overwhelmingly favor AirCo, Mr. Sheehan argues that AirCo's motion should be denied because it failed to provide an affidavit or declaration supporting its Motion. Opp. At 9. But this is simply not the law. *Lowinger v. Rocket One Cap., LLC*, No. 23 CIV. 9243 (JPC), 2024 WL 2882622 at *4 (S.D.N.Y. June 5, 2024) ("Plaintiff argues that an affidavit detailing potential principal witnesses expected to be called and the anticipated substance of their testimony 'is a necessary part of a meritorious transfer motion' . . .[t]he Court disagrees.") (internal quotation marks omitted); *Beckerman v. Heiman*, No. 05 Civ. 5234 (BSJ) (GWG), 2006 WL 1663034, at *5

---

[1] The facts set forth in this section and referenced throughout this brief taken from the New York Complaint are assumed as true only for purposes of evaluating the motion to dismiss. None of the facts are admitted.

2

(S.D.N.Y. June 16, 2006) ("[A] specific showing [of witnesses] is required only when the movant seeks a transfer *solely* 'on account of the convenience of witnesses.' However, if plaintiff seeks a transfer 'on account of' several factors, his failure to specify key witnesses and their testimony is not fatal.") *quoting Connors v. Lexington Ins. Co.*, 666 F.Supp. 434, 455 (E.D.N.Y.1987) (emphasis in original).

As explained *infra* and in the Motion, there are numerous compelling reasons this action should be litigated in the first-filed Delaware Action. Mr. Sheehan's self-serving affidavit provides no new information relevant to the Court's analysis very simply because AirCo has never disputed it has ties to New York; it disputes that this fact somehow *overrides* the presumption that this dispute is most efficiently resolved Delaware, where it's first-filing warrants heavy deference. *APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F.Supp.2d 664, 668 (S.D.N.Y. 1999) ("It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer").

### C. The First-Filed Rule Requires Dismissal or a Transfer Where a Substantially Similar Action has Already Been Filed Elsewhere.

Mr. Sheehan argues that AirCo filed the Delaware action "in order to win a race to the courtroom and thus deprive [Mr.] Sheehan of his right to a jury trial under New York labor laws." Opp. At 20. Mr. Sheehan is flatly wrong on the facts and totally misrepresents AirCo's good-faith participation in the preliminary mediation discussions that *Mr. Sheehan*, ironically, never advanced, discussed, in detail, *infra*. And Mr. Sheehan is wrong on the law because he removed the Delaware Action to Federal Court, **thus *preserving* his right to seek a jury trial under New York labor laws in the Delaware Action via counterclaim**. *Harriprashad v. Metro. Prop. & Cas. Ins. Co.*, No. 09-CV-3105 ENV ALC, 2011 WL 6337699 at *3 (E.D.N.Y. Nov. 17, 2011) (applying Federal Rule 38 to analyze the question of a jury demand where the case was removed

3

from state court before an answer is filed), report and recommendation adopted, No. 09-CV-03105 ENV JMA, 2011 WL 6370039 (E.D.N.Y. Dec. 19, 2011).

### 1. The First Filed Delaware Action is a Legitimate and Logical Forum for this Dispute.

Mr. Sheehan attempts to cast the Delaware Action as improper anticipatory declaratory judgement but, as pointed out in a case incidentally *cited* by Mr. Sheehan, "the mere fact that an action is brought as one for a declaratory judgment 'does not necessarily [mean that it] constitute[s] an anticipatory filing for purposes of an exception to the first filed rule'. . ." *Ontel Prods., Inc. v. Project Strategies Corp.,* 899 F.Supp. 1144, 1150 (S.D.N.Y. 1995). Mr. Sheehan, like the Plaintiff in *Ontel*, "misunderstands the factors that render an anticipatory filing improper. A filing in this context is improper where it attempts to exploit the first-filed rule by securing a venue that <u>differs from the one that the filer's adversary would be expected to choose</u>." (emphasis added) (internal quotations removed).

As Mr. Sheehan admits, he was an officer and director of AirCo, a Delaware corporation which regulated his fiduciary duties and issues his Delaware shares. Declaration of Plaintiff Stafford Sheehan In Support of His Opposition To Defendant's Motion to Dismiss or Transfer ("Sheehan Declaration.") ¶ 6. Further, Mr. Sheehan *himself* has repeatedly invoked Delaware law in now *two* separate advancement demand letters he has sent to AirCo along this process. Thus, he can hardly contend that Delaware is an "unexpected forum" for this dispute. In fact, Delaware is the most logical.

## 2. Mr. Sheehan, *not AirCo*, Evinced a Refusal to Move Ahead with Mediation

In the face of this uphill battle against the first-filed rule, Mr. Sheehan attempts to recast the timeline of events to suggest AirCo feigned interest in mediation, but the opposite is true.

On January 31, AirCo informed Mr. Sheehan it would be amenable to mediation. On February 4, 2025, AirCo and Mr. Sheehan's previous counsel discussed mediation and Mr. Sheehan's former counsel represented they would have a list of potential mediators **the very next day** along with the request that, immediately following AirCo's receipt of that list from Mr. Sheehan, that AirCo inform him of any conflicts or objections thereto. That list never came. Thereafter, day after day unfolded without names of proposed mediators from Mr. Sheehan. AirCo thus logically suspected Mr. Sheehan was dragging it along, and that he never had any real intentions on mediating his claims.

Mr. Sheehan avers that during this time, Mr. Sheehan's counsel was "checking mediator availability", Opp. At 20, but this is little more than strategic pretext, as the determination of a jointly chosen mediator's *availability* rather than the generation of an unconflicted list of mediators is putting the proverbial cart ahead of horse: AirCo and Mr. Sheehan hadn't even agreed on a list of *potential* mediators which Mr. Sheehan's counsel represented was to come. To suggest Mr. Sheehan's radio silence was caused by his checking a specific mediator's availability without AirCo and Mr. Sheehan having first decided which specific mediators would even be unconflicted is, of course, nonsensical. Thus, AirCo's decision to ultimately file on February 12, after Mr. Sheehan initiated and then backed off from quickly mediating the case, is not improper, but totally legitimate given Mr. Sheehan's signals. *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 (S.D.N.Y. 1995) ("Furthermore, if, after settlement discussions have proven fruitless, the party that initially refrained from filing does not proceed to file suit promptly, its adversary

could be justified in filing first. . . An anticipatory filing there would *not* be "improper," and thus the first-filed rule would benefit the party that actually filed first, and <u>not the party who delayed in bringing suit even after the settlement efforts it initiated had failed.</u>") (emphasis added).

### 3. Mr. Sheehan's Right to a Jury Trial Remains Preserved.

Central to Mr. Sheehan's theory that a Delaware Corporation filing suit in Delaware somehow constitutes forum shopping is that the Delaware action was filed "in an attempt to deprive [Mr.] Sheehan of his right to have his wrongful termination claims heard by a jury" which Mr. Sheehan argues the Delaware Court of Chancery does not offer him. Opp. At 22. Aside from being not true, more importantly the point is now moot: AirCo did not object to the removal of the Delaware Action from the Court of Chancery to the United States District Court for the District of Delaware, thus preserving Mr. Sheehan's right to a jury trial. *See* Delaware Action Dk at 2 (notice of removal). AirCo's election to *not* object is significant too when one considers Mr. Sheehan's own arguments in favor of his New York presence, which at least plausibly could have formed the basis to object to his notice of removal on a lack of diversity. Stated differently, had AirCo's decision to file in Delaware been so desperately based on depriving Mr. Sheehan of a jury trial, it strains credulity that it would have no objections, in the face of a few seemingly substantive bases before it, to a removal which preserved that right.

Mr. Sheehan moved to dismiss the Delaware Action under Rule 12(b)(6) and thus has not answered that Complaint yet. *See* Delaware Action Dk at 19. Thus, under these circumstances, Fed. R. Civ. P. 38(b) is applicable. *Harriprashad* 2011 WL 6337699 at *3 (applying Federal Rule 38 to analyze the question of a jury demand where the case was removed from state court before an answer is filed), *report and recommendation adopted*, No. 09-CV-03105 ENV JMA, 2011 WL 6370039 (E.D.N.Y. Dec. 19, 2011). To preserve his right to a jury trial on the wrongful termination claims, Mr. Sheehan need do nothing more than title his claims as *counter*claims when answering

6

the Delaware action. *United States v. U.S. Currency in sum of Ninety Seven Tuousand Two Hundred Fifty-Three Dollars($97,253.00)*, No. 95- CV-3982 JG, 1999 WL 84122 at *3 (E.D.N.Y. Feb. 11, 1999) ("As the Second Circuit has stated[,] the last pleading directed to an issue is not the pleading that raises the issue, it is the pleading that contests the issue. Normally, that pleading is an answer, or, with respect to a counterclaim, a reply.") (internal quotation marks removed) *quoting McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir.1990), *aff'd*, 500 U.S. 136 (1991).

In sum, Defendant attempts to draw the Court's attention to a number of red herrings to escape the unavoidable conclusion that the first-filed rule categorically and irrefutably applies. *See* Motion at 5-8.

### D. The Balance of Convenience Weighs in Favor of AirCo.

Because the balance of convenience factors clearly favor AirCo, the Court must grant Defendant's motion because "[A]n even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d. Cir. 2008) *quoting Columbia Pictures Industries, Inc. v. Schneider*, 435 F.Supp. 742 (S.D.N.Y 1977).

Factors that the courts consider in assessing the balance of convenience include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275-76 (2d. Cir. 2008).

1.    **Mr. Sheehan's Second-Filed Action is Not Entitled to Deference.**

While Mr. Sheehan may be correct that "generally" courts accord weight to a Plaintiff's forum choice, Opp. At 10, Mr. Sheehan ignores that "it is well-established 'that the existence of a related action pending in the transferee court weighs heavily towards transfer.'" *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602 (S.D.N.Y. 2008) *quoting APA Excelsior III L.P. v. Premiere Techs., Inc*., 49 F.Supp.2d 664, 668 (S.D.N.Y.1999).

This is, of course, the exact situation of this dispute. *See* Delaware Action docket. Where a Plaintiff is the defendant in the transferee action, this factor does not entitle them to deference. *Iconic IP Holdings, L.L.C. v. Gerrit's Brands, Inc.,* No. 21CV1068AMDST, 2021 WL 7543607 at *6 (E.D.N.Y. May 21, 2021) ("where the first-filed rule applies and there are significant overlapping factual issues between the two pending cases, the choice of forum factor favors the district of the first-filed action.") *quoting  Intema Ltd. v. NTD Lab'ys, Inc*., 654 F.Supp.2d 133, 141 (E.D.N.Y. 2009).

Mr. Sheehan's choice of forum is thus entitled to no deference and even if it was, the other factors in this case make clear that transfer is appropriate.

2.    **As Mr. Sheehan Himself Admits the Location of Documents Factor is Neutral.**

As Mr. Sheehan admits, "the location of relevant documents is largely a neutral factor in today's world of faxing, scanning and e-mailing documents." Opp. at 14. As such, Mr. Sheehan's statement that "to the extent there are any hard copy documents or sources of proof that cannot be transmitted electronically, the cost of transporting those documents to the EDNY would be more cost-effective than transporting to Delaware[]", is mere distraction given his initial admission. *Id.* Tellingly, even Mr. Sheehan's self-serving affidavit contains no reference to what these supposed "documents that cannot be transmitted electronically" are. This is because there are none. As such,

8

the Court need not credit this speculation and as between two sophisticated parties should consider this factor neutral. *Glotser v. Boardwalk Regency LLC*, No. 20CIV2654JPCSLC, 2023 WL 2162063 at *5 (S.D.N.Y. Feb. 22, 2023) ("Neither party has pointed to any specific document or piece of evidence in either the Southern District of New York or the District of New Jersey".).

### 3. The Convenience of Witnesses Favor Delaware.

Relying heavily on his self-serving affidavit, Mr. Sheehan argues that AirCo's connections to New York somehow are enough to overcome the inconvenience of litigating this case a few hours down the road in the state where the first-filed action is. *Schweitzer v. Nevels*, 669 F.Supp.3d 242 (S.D.N.Y. 2023) ("[T]he Court notes that the train from New York to Philadelphia is approximately an hour fifteen minutes.").[2]

But critically "[n]either side has argued that trial witnesses would be unavailable in either jurisdiction or listed specific witnesses. . .who could not come to New York or vice versa. . ." *Schweitzer v. Nevels*, 669 F.Supp.3d 242 (S.D.N.Y. 2023). Thus, the fact that some witnesses are closer to New York while the others, or even a majority, are located closer to Delaware, means that litigating this dispute in this court would "merely shift the inconvenience from one party to the other" and thus AirCo (the Plaintiff in the first-filed Delaware action) should not have their choice of venue disturbed. *HomeoPet LLC v. Speed Lab'y, Inc.*, No. 14-CV-663 JFB AKT, 2014 WL 2600136, at *18 (E.D.N.Y. June 11, 2014) *citing Wagner v. N.Y. Marriott Marquis*, 502 F.Supp.2d 312, 316 (N.D.N.Y.2007)).

### 4. While the Relative Means of the Parties are the Same, Delaware is a Far More Convenient Forum Because of the Pending Delaware Action.

---

[2] For the avoidance of doubt, the train ride to Wilmington is slightly longer, either approximately 90 minutes or approximately 2 hours depending on which train is taken. *See* https://www.amtrak.com/tickets/departure.html

9

Mr. Sheehan claims that because he is an individual and AirCo is a corporation the relative means of the parties do not favor transfer. Opposition at 17. But this is incorrect because "[a] party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances." *N. Food I/E, Inc. v. OCM Globe Inc.*, No. 21-CV-1813 (MKB), 2022 WL 2812204, at *14 (E.D.N.Y. Mar. 28, 2022) *citing Federman Assocs. v. Paradigm Med. Indus., Inc.,* No. 96-CV-8545, 1997 WL 811539, at *4 (S.D.N.Y. Apr. 8, 1997). Mr. Sheehan does not aver that he would be unduly burdened by litigating in Delaware, nor could he. *Schweitzer v. Nevels*, 669 F.Supp.3d 242, 248 (S.D.N.Y. 2023) ("Plaintiffs are sophisticated businesspeople who hired lawyers to negotiate their agreements and earned substantial salaries. Nevels is likewise a successful businessperson."). Thus, this factor is either neutral or in favor of Delaware.

Moreover, AirCo would be inconvenienced if this court were to deny transfer. Mr. Sheehan cites no authority for its contention that the fact a 12(b)(6) motion has been filed in the Delaware action has any relevance in this analysis. The fact is that the first filed action is currently pending in another Court and thus AirCo would be inconvenienced if it had to litigate both, nearly identical actions, especially when Mr. Sheehan can simply plead his retaliation counterclaims in the Delaware action. [3]

---

[3] AirCo agrees with Mr. Sheehan that the Court's familiarity with the underlying substantive law is a neutral factor. Opp at 17. AirCo disagrees that the interests of justice favor New York, however. While Mr. Sheehan notes that there were slightly more pending cases in the District of Delaware, Opp. at 18, the difference is only approximately 6% more cases filed in the District of Delaware. Moreover, Mr. Sheehan fails to point out that it may take longer to litigate the dispute in the Eastern District of New York because civil actions take on average 49.3 months from filing to trial while in the District of Delaware it is 32.3 months. *See* U.S. Dist. Courts, Nat'l Judicial Caseload Profile, Periods ending December 31, 2024. https://www.uscourts.gov/sites/default/files/2025 02/fcms_na_distprofile1231.2024.pdf (last visited April. 9, 2025). The fact is that the District of Delaware and the Eastern District of New York "are both busy districts. This factor is neutral." *Schweitzer v. Nevels*, 669 F.Supp.3d 242 (S.D.N.Y. 2023).

## V. CONCLUSION

For the foregoing reasons, this New York Action should be dismissed or transferred in favor of the ongoing proceedings in Delaware.

Dated: New York, New York
April 10, 2025

**FOX ROTHSCHILD LLP**

<u>/s/ Brett Berman</u>
Brett Berman, Esq.
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone: 212.878.7900
Facsimile: 212.692.0940

*Attorneys for Defendant*
*Air Company Holdings, Inc.*